UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL SCOBEY, on behalf of himself
And all similarly situated employees,
.,
    Plaintiffs,

v.

GENERAL MOTORS, LLC,
A Michigan limited liability company,

Defendants.
_____/

Case No. 20-12098
Hon. Denise Page Hood

**Order Granting Joint Motion for Approval of Collective Action Settlement (ECF No. 15)**

Currently before the Court is parties Joint Motion for Approval of FLSA Collective Action Settlement and Dismissal of Case with Prejudice (ECF No. 15), filed July 16, 2021. For the reasons and under the terms set forth below, the Joint Motion will be GRANTED.

### I.  BACKGROUND

**A.  Procedural Background**

On August 4, 2020, Plaintiff Paul Scobey filed a Complaint and Jury demand on behalf of himself and all other individuals similarly situated, alleging willful violations of the Fair Labor Standards Act, 29 U.S.C. § § 201, *et seq.* ("FSLA")

1

pursuant to Defendant General Motors, LLC's ("Defendant's") failure to provide overtime pay or paid meal periods. (ECF. No. 1). Plaintiff Scobey, an electrician, alleges that he and the similarly situated individuals were classified as Technical Operations Specialist ("TOS") salaried employees exempt from the requirements of the FSLA to pay 1.5 times their rate for overtime hours. As salaried employees, the individuals were required to work an extra hour every eight-hour shift and additional overtime on weekends. After challenging their FSLA-exempt status, they were reclassified as non-FSLA exempt, but were not provided back pay. They were later classified as exempt, then ultimately were acknowledged to be non-exempt from the requirements of the FSLA. Following the initiation of this action, six additional employees consented to join and opt-in as Plaintiffs. On November 2, 2020, the named Plaintiffs and Defendant ("Parties") filed a joint discovery plan pursuant to Fed. R. Civ. P. 26(f).

Subsequent to filing the joint discovery plan, Parties "exchanged certain time records and payroll records and also exchanged analyses and calculations of potential damages." (ECF No. 15, PageID.112). Parties later "mediated . . . with experienced employment law mediator David Calzone" (*Id.*). On May 18, 2021, Parties informed the Court that they engaged in "a full day of mediation" on April 28, 2021 and had "resolved a significant portion" of the claims. (ECF No. 14,

2

PageID.109). Parties also reported that a second day of mediation was scheduled for May 27, 2021. (*Id.*).

### B. The Present Motion

On July 16, 2021, the named Plaintiffs and Defendant jointly filed the present motion for approval of a settlement. (ECF No. 15). The motion states that following 20 hours of mediation, "the Parties successfully negotiated a mutually agreeable arms' length resolution of the case" and that "resolution was reached on behalf of the named Plaintiffs as well as putative collective members ("potential plaintiffs")" (ECF No. 15, PageID.112). Parties agreed to send "Court-authorized Notice" including a Consent to Join, Release and Claim Form ("Notice and Consent") to all potential Plaintiffs, who are defined as follows:

> All individuals who worked for General Motors, LLC or a subsidiary, affiliate or joint venture of GM ("GM") as a Technical Operations Specialist ("TOS") at GM Component Holdings, LLC's Grand Rapids, Michigan facility and/or GM Manufacturing Subsystems, LLC's Brownstown Michigan Battery Facility from August 4, 2017 through May 27, 2021.

(*Id.*). The motion states that the Parties compromise of their respective positions was "appropriate" because they "recognize the costs and . . . respective risks associated with protracted, distracting, and expensive litigation . . ." (*Id.*, PageID.113-114). The motion states further that the potential plaintiffs will receive monetary payments representing "a fair percentage of their claimed damages"

3

commensurate with the "legal and factual issues" in the case. (*Id.*, PageID.114). Under the proposed agreement, potential plaintiffs would be informed of their settlement payment and how to participate in the settlement if desired. (*Id.*). The settlement agreement also provides for "reimbursement of certain litigation costs" and "reasonable" attorney fees to Plaintiffs' counsel. (*Id.*).

Parties seek (1) the Court's approval of their settlement, (2) the appointment of Jesse L. Young as class counsel, (3) certification of an FLSA Section 216(b) "opt-in class" as described above, (4) authorization of the proposed Notice and Consent, and (5) dismissal of the case with prejudice. (*Id.*, PageID.113, 115).

## II. APPLICABLE LAW

"[D]istrict courts in our Circuit regularly find that the FLSA context counsels in favor of courts approving settlements." *Athan v United States Steel Corp*, --- F.Supp.3d ---, No. 17-CV-14220, 2021 WL 805430, at *2 (E.D. Mich. March 3, 2021)(Berg, J.)(*citing Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016)). "Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Lynn's Food Stores, Inc v U.S.*, 679 F. 2d 1350, 1354 (11th Cir. 1982). "[T]o approve an 'agreement' between an employer and employees outside of the adversarial context

4

of a lawsuit brought by the employees would be in clear derogation of the letter and spirit of the FLSA." *Id.*

Before approving settlement of the FLSA claim, "'the Court must determine that the parties were engaged in a bona fide dispute and that the settlement is a fair and reasonable compromise of the issues presented.'" *Athan,* at *3 (*quoting Lakosky v. Discount Tire Co., Inc.*, 2015 WL 4617186, at *1 (E.D. Mich. July 31, 2015)(Cox, J.). "A bona fide dispute has to do with whether some issue of the employer's liability is 'actually and reasonably in dispute.'" *Id.* (*quoting Snook v. Valley Ob-Gyn Clinic, P.C.,* No. 14-cv-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015)(Ludington, J.)).

"This Circuit has not directly stated the factors courts are to consider in deciding whether an FLSA collective action settlement is fair and reasonable." *O'Bryant v ABC Phones of N Carolina, Inc*, No. 19-CV-02378-SHM-TMP, 2020 WL 7634780, at *7 (W.D. Tenn. December 22, 2020). Under Federal Rule of Civil Procedure 23(e), a "seven-factor test" is applied to determine "whether or not a class action settlement is 'fair, reasonable, and adequate'" *Does 1-2 v Deja Vu Services, Inc*, 925 F. 3d 886, 894–95 (6th Cir. 2019)(*quoting International Union, UAW, et al. v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007)). "Those factors include: (1) the 'risk of fraud or collusion,' (2) the 'complexity, expense

5

and likely duration of the litigation,' (3) the 'amount of discovery engaged in by the parties,' (4) the 'likelihood of success on the merits,' (5) the 'opinions of class counsel and class representatives,' (6) the 'reaction of absent class members,' and (7) the 'public interest.' *Id.* at 894-895 (*quoting International Union* at 631). "[D]istrict courts in this Circuit" and elsewhere "have applied the seven factors in analyzing the fairness and reasonableness of collective action settlements." *O'Bryant,* at *8 (collecting cases). "A district court may choose to consider only factors that are relevant to the settlement at hand." *Snook*, at *1.

### III. THE PROPOSED SETTLEMENT AGREEMENT

The relevant factors weigh in favor approving the settlement. As to the first factor, The Parties' joint motion states that they entered a settlement agreement resolving all claims. Plaintiffs are represented by experienced counsel. Plaintiffs' counsel states that he has extensive experience trying employment cases and that his "practice . . . primarily consists of contingent wage-and-hour litigation under [the FLSA] . . . and various state laws." (ECF No. 15-2, PageID.151). The fact that Plaintiffs were represented by experienced counsel supports the conclusion that the settlement was a product of an arms' length transaction. *See Walker v Ryan Transp, Inc*, No. 20-cv-11688, 2021 WL 2786547, at *2 (E.D. Mich. June 15, 2021)(Borman, J.). Parties indicate that recovery will "easily exceed" the seven to eleven percent

6

average recovery of claimed damages in class actions. (ECF No. 15, PageID.128)(citing *Dillworth v. Case Farms Processing, Inc.,* 2010 WL 776933 (N.D. Ohio March 8, 2010)); *see Dillworth,* at *8 (*citing* Frederick C. Dunbar, Todd S. Foster, Vinita M. Juenja, Denise N. Martin, Recent Trends III: *What Explains Settlements in Shareholder Class Actions?* (National Economic Research Assocs. (NERA) June 1995)). Plaintiffs' claim that their misclassification resulted in the loss of overtime pay guaranteed by the FLSA, countered by Defendant's denial of liability represents a bona fide dispute. None of the current Plaintiffs has objected to the proposed settlement. The settlement provides adequate notice to potential plaintiffs of their entitlement under the settlement agreement. (ECF No. 15-1, PageID.146-148).

As to the second factor, "employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming." *Does 1, 2 & 3 v Coliseum Bar & Grill, Inc*, No. CV 17-12212, 2020 WL 7346693, at *1 (E.D. Mich. October 22, 2020)(Parker, J.). "If forced to litigate . . . further, the parties would engage in complex, costly and protracted litigation." *Id.* Parties agree that "Plaintiffs' claims are complex in theory and factually nuanced." (ECF No. 15, PageID.129). They state that going forward with the case would result in "significant discovery consisting of dozens of depositions and voluminous written discover and document

7

production" as well the retention of expert witnesses and the "need to brief and argue the competing sides of a motion for conditional certification . . ." (*Id.*, PageID.130).

With the respect to the third factor, Parties exchanged time keeping records, payroll documents, and calculations of damages. Approximately five months after the suit was filed, they entered into negotiations with the help of an experienced mediator. Parties state that they were able to use the exchanged information to "evaluate the merits of their respective claims or defenses in comparison to the costs and risks associated with further litigation." (*Id.*, PageID.131).

As to the fourth factor, neither side has conceded the merits of its respective position but have agreed to settle the claims in recognition of the risks and expenses associated with going forward with the case (ECF No. 15, PageID.132).

With respect to the fifth factor, both Defendant's counsel and class counsel believe that the settlement is equitable.

As to the sixth factor, Parties note correctly that "[b]ecause this is an opt-in FLSA collective action, there are no absent class members. . . .Potential Plaintiffs who choose not to execute and return a Consent to Join, Release and Claim Form will not participate in the settlement and will not waive any claims."

Regarding the seventh factor, it is well-settled that "the law encourages the settlement of class actions." *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir.

1981). Notwithstanding, the Parties apparent request that the settlement agreement remain confidential *in its entirety* will be denied. (ECF No. 15, PageID.134). In support of keeping the entire agreement confidential, Parties state that "where confidentiality is important to one or both of the parties, [c]ourts are permitted to evaluate the fairness and reasonableness of the parties' settlement without requiring the settlement agreement to be publicly filed." (ECF No. 15, PageID.134). Parties' statement that one or more of the Parties believes that confidentiality is "important" does not present a compelling argument for confidentiality:

> The Court is not generally inclined to . . . restrict the review of an FLSA settlement agreement to in camera only and to keep it confidential, rather than posted publicly. The reason for this is that there is a 'strong presumption in favor of openness' as to court records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305(6th Cir. 2016). FLSA settlements are unlike typical settlement agreements reached between parties to a lawsuit, which are customarily confidential and which courts often do not even see, let alone formally approve. This judicial oversight is uniquely utilized in the FLSA context because it is important to advancing the public interest purpose of the statute: 'protecting workers rights.' *Williams v. Alimar Sec., Inc.*, No. CV 13-12732, 2017 WL 427727, at *2 (E.D. Mich. Feb. 1, 2017). Judicial approval of FLSA settlements ensures that plaintiffs are not being strong-armed by an employer with outsize bargaining power, and that future workers with potential FLSA claims can examine previous litigation to understand the scope of their rights and the potential for recovery when those rights are violated.

*Athan, supra,* at *7. In the present case, Parties' statement that one or all of them would prefer that settlement remain confidential does not by itself overcome the strong presumption against restricting review of an FLSA settlement.

In lieu of sealing the entire agreement, Parties state that they "are willing to submit the settlement agreement with only the dollar amounts of the various payments redacted," with the assurance that "the Potential Plaintiffs may review the entire Settlement Agreement (unredacted) by contacting the Settlement Administrator as specified in the proposed [Notice and Consent]" (ECF No. 15, PageID.134), n 2. *See Athan,* at *7 (*quoting Shane Grp.,* 825 F.3d at 305)(internal citations omitted)("Even where the Court agrees that keeping some part of the agreement under seal is warranted, the seal must be 'narrowly tailored to serve that reason.'")

> With this presumption in mind, during the hearing on the motion seeking approval of the Settlement Agreement, the Court questioned Parties in depth about their reasons for pursuing confidentiality of the agreement. The Parties responded that the issue of confidentiality was seen as a lynchpin of their bargain during negotiations, and that without it, they would have been unable to reach a mutual agreement. The most important issue, mainly to the Defendant, was to keep the precise monetary amounts of the damage awards confidential.

*Id.* at *7. In *Athan*, the court "eventually ordered Parties to publish on the docket" the settlement agreement "but permitted them to redact the specific dollar amounts

10

of the awards" which would "strike a proper balance between the public interest in understanding the nature of their agreement, and Parties' declared interest in avoiding the risks and costs that litigation would bring if confidentiality as to the precise awards could not be maintained." *Id.* The court observed parties' statement that "[w]ithout this baseline provision of confidentiality, the Parties indicated they would not have reached an agreement[]" and because the terms of the settlement were favorable to the plaintiffs, "[g]oing back to the drawing board in a case as complex as this . . . would not the public interest." The court further noted that the settlement agreement in redacted form would "provide the public more than enough background about the resolution of this case to promote the vindication of the rights of future FLSA plaintiffs." *Id.* at *8.

In the present case, Parties do not claim that confidentiality of either the entire agreement or just the dollar amounts was the "lynchpin" of negotiations or that Plaintiffs would have received a smaller settlement without the requirement of confidentiality. But the motion states that the award will "easily exceed" the average class results. (ECF No. 15, PageID.128). Defendant's counsel also stated on the record that the settlement is limited to a small class of workers. As in *Athan,* publishing the settlement agreement with only the dollar amounts redacted, coupled with Parties' public statement that the settlement exceeds the average award in class

11

action cases will satisfy the public interest in allowing individuals with potential FLSA claims to examine past litigation to gauge their own potential for recovery. *Id.* at *7-8.

## IV. APPOINTMENT OF CLASS COUNSEL AND ATTORNEY FEES

The Court also grants the motion pertaining to the appointment of Jesse L. Young as class counsel. Mr. Young states that he has litigated over 30 employment cases "primarily consist[ing] of contingent wage-and-hour litigation under [the FLSA] . . . and various state laws." (ECF No. 15-2, PageID.151).

Mr. Young's request for fees and costs amounting to one-third of the settlement amount, also agreed to by Parties, will be granted. Under 29 U.S.C. § 216(b), "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Mr. Young states that Plaintiffs retained his services "on a purely contingent fee basis" equaling one-third of the settlement fund for fees and costs. (*Id.*, PageID.151, 154) ¶¶ 6, 19. " 'An award of attorney fees to a prevailing plaintiff under 29 U.S.C. § 216(b) of the FLSA is mandatory, but the amount of the award is' within the judge's discretion, so long as it is reasonable." *Davis v Omnicare, Inc*, No. 5:18-CV-142-REW, 2021 WL 1214501, at *12 (E.D. Ky. March 30, 2021)(quoting *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994))(requested

contingency fee amounting to one-third of the settlement fund reasonable "given the awards in prior similar actions, the complexity of this litigation, and the public interest in incentivizing attorneys to take on the risk of pursuing actions for alleged wage violations.") Parties agree that Mr. Young's request for a contingent fee of the settlement of one-third is reasonable.

### V. CERTIFICATION OF AN FLSA SECTION 216(b) OPT-IN CLASS AND AUTHORIZATION OF THE PROPOSED NOTICE AND CONSENT TO POTENTIAL PLAINTIFFS

Parties agree to send the proposed Notice and Consent to all potential plaintiffs who they agree are defined as follows:

> All individuals who worked for General Motors, LLC or a subsidiary, affiliate or joint venture of GM ("GM") as a Technical Operations Specialist ("TOS") at GM Component Holdings, LLC's Grand Rapids, Michigan facility and/or GM Manufacturing Subsystems, LLC's Brownstown Michigan Battery Facility from August 4, 2017 through May 27, 2021.

(ECF No. 15, PageID.112)(ECF No. 15-1, PageID.146).

The motion to certify class will be granted. Parties state that the issue of whether "the alleged misclassification of the Plaintiffs was the result of a common plan or scheme and that each Plaintiff was similarly situated with respect to the administration of that scheme" is "a material issue which also remains in dispute and which would have been challenged through a motion to conditionally certify and/or

decertify the collective action . . ." (ECF No. 15, PageID.132). Parties agree that despite their respective positions, the proposed class "is a fair and reasonable settlement . . ." (*Id.*, PageID.133). Part III. of the proposed Confidential Settlement Agreement, submitted to the Court under seal, sets forth a reasonable "mode, calculation and timing of payment of claims to potential plaintiffs wishing to opt-in to the settlement agreement." *Id.* at 4-7 of 27.

The Court has also reviewed the Parties' proposed Notice and Consent Form. (ECF No. 15-1, PageID.146). Read in conjunction with the proposed Confidential Settlement Agreement, the Notice and Consent allows potential plaintiffs 60 days from the mailing of notice to opt into the settlement. Confidential Settlement Agreement at 5. The Court will also grant the motion to authorize the proposed Notice and Consent Form to potential plaintiffs.

## VI. CONCLUSION

Accordingly, IT IS ORDERED that parties' motion for approval of FLSA collective action settlement is GRANTED dismissing the case WITH PREJUDICE with this Court retaining exclusive jurisdiction to enforce the Settlement Agreement.

IT IS FURTHER ORDERED that the settlement amount will be redacted from the publicly filed agreement, but the unredacted agreement will be made available to Potential Plaintiffs who contact the Settlement Administrator.

IT IS FURTHER ORDERED that the motion for the appointment of Jesse L. Young as class counsel and request for attorney fees is GRANTED.

IT IS FURTHER ORDERED that the motion for certification of an FLSA Section 216(b) opt-in class is GRANTED.

IT IS FURTHER ORDERED that the motion for authorization of the proposed Notice and Consent is GRANTED.

s/Denise Page Hood<br>
DENISE PAGE HOOD,<br>
Chief Judge

DATED: 10/28/2021